Date signed June 24, 2010



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| LINDA JEAN KITTELSON | : | Case No. 09-21461PM |
| WALTER BRIAN KITTELSON | : | Chapter 7 |
| | : | |
| Debtors | : | |
| -------------------------------- | : | |
| JANET M. NESSE, TRUSTEE | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 10-0080PM |
| | : | |
| MARGARET J. GORDON | : | |
| Defendant | : | |
| -------------------------------- | : | |

### MEMORANDUM OF DECISION

      The Trustee filed this Complaint to sell the interests of the estate in certain real property identified as 429 Port Drive, Lusby, Maryland, that is owned by the Debtor Linda Jean Kittelson and the Defendant, Margaret J. Gordon, her mother.  The matter is presently here before the court on the Trustee's Motion for Summary Judgment.  The Defendant is not listed on Schedule H as a Co-Debtor, so the court infers from this fact that the Defendant's interest was conveyed to her sometime after the mortgages were placed on the property.

      Debtors scheduled the property as having a value of $266,500.00.  Debtors' schedules show that the Bank of America is holding two mortgages secured by the property, with the amount of debt aggregating $169,462.00.  The Bank of America did not file any proofs of claim in the case, nor has it filed any motions for relief from the automatic stay of 11 U.S.C. § 362(a).  For the purposes of this Motion, the court assumes these figures to be accurate.  Attached to

Defendant's answer to the Complaint was an appraisal estimating the value of the property at $230,000.00.

This case is governed by § 363(h) of the Bankruptcy Code that provides:

**11 U.S.C. § 363.  Use, sale, or lease of property**

(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if--

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

The underlying facts are not in dispute.  Defendant's answer states at paragraph 16:

Debtor admits: that partition of the Property is impracticable; that the sale of the estate's undivided interest in the Property would realize significantly less for the estate than sale of such Property free of the co-owner's interest; and that the Property is not used in the production, transmission, or distribution for sale, or electric energy or of natural or synthetic gas for heat, light or power.  Debtor denies that the benefit to the estate of a sale of the Property free of the co-owner's interest outweighs the detriment to the co-owner.

The unsecured claims without priority filed in this case aggregate $48,264.19.  Debtors have claimed $19,459.00 in exemptions in the subject property.  Therefore, in the circumstances, were the court to find that the subject property was worth $230,000.00 as stated in the appraisal, as opposed to $266,500.00 as scheduled by the Debtors or $307,720.00 as stated on the assessment by the Maryland Department of Assessments and Taxation, it would appear that the benefit to the estate of the sale of such property would be minimal.  Accordingly the court will deny the Motion for Summary Judgment.  An appropriate order will be entered.

cc:
Janet M. Nesse, Trustee, 1150 18th Street, Suite 800, Washington, DC 20036
Paul J. Dougherty, III, Esq., 132 Main Street, Prince Frederick, MD 20678

**End of Memorandum**

Case 10-00080    Doc 31    Filed 06/25/10    Page 3 of 3